O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6980 CAS (AGRx) | Date | October 25, 2011 |
|---|---|---|---|
| Title | EDMOND HAKAKHA v. CVS PHARMACY, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| RITA SANCHEZ | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers:) **PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND MOTION TO REMAND** (filed 9/23/2011)

## I.   INTRODUCTION & BACKGROUND

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

On February 18, 2011, plaintiff Edmond Hakakha ("Hakakha") filed the instant action in the Los Angeles Superior Court against defendants CVS Pharmacy, Inc., California CVS Pharmacy, LLC, Garfield Beach CVS, LLC (collectively, "CVS"), Abel "Perez," and Does 1–100. The complaint alleges eleven claims styled as: (1) disability discrimination in violation of Cal. Gov't Code § 12940(a); (2) perceived disability discrimination in violation of Cal. Gov't Code § 12926.1; (3) failure to reasonably accommodate disability pursuant to Cal. Gov't Code § 12940(m) and (n); (4) failure to engage in the interactive process pursuant to Cal. Gov't Code § 12940(n); (5) national origin/religion discrimination in violation of Cal. Gov't Code § 12940(a);
(6) harassment/hostile work environment in violation of Cal. Gov't Code § 12940(a);
(7) wrongful termination in violation of public policy; (8) breach of oral/implied contract;
(9) breach of implied covenant of good faith and fair dealing; (10) intentional infliction of emotional distress; and (11) negligent infliction of emotional distress.[1]

---

[1] Cal. Gov't Code § 12940 et seq., upon which six of plaintiff's claims rely, is better known as the California Fair Employment and Housing Act ("FEHA").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6980 CAS (AGRx) | Date | October 25, 2011 |
|---|---|---|---|
| Title | EDMOND HAKAKHA v. CVS PHARMACY, INC. ET AL. | | |

Plaintiff, a CVS employee for 18 years, was victimized in a December 24, 2008 armed robbery while engaged in the course and scope of his employment. According to plaintiff, as a result of this armed robbery he began to suffer physical, emotional, cognitive, and psychological disabilities. Compl. ¶¶ 16, 19. Plaintiff avers that his manager failed to accommodate his post-traumatic stress disabilities and discriminated against him because of his race and religion following the incident. Id. ¶ 18. Plaintiff was fired on May 12, 2009, after allegedly selling cigarettes to an underage, undercover police officer. Id. ¶ 21.

Plaintiff filed a complaint with the Department of Fair Employment and Housing ("DFEH") regarding defendants' alleged violations of FEHA. In his DFEH complaint, he named Abel "Perez" as the CVS manager who allegedly engaged in the discriminatory and wrongful conduct. The DFEH granted plaintiff a right to sue on April 27, 2010, and the instant action resulted.

At the time plaintiff filed his DFEH complaint and his Los Angeles Superior Court complaint, he understood his manager's name to be Abel "Perez." In fact, plaintiff's supervisor's name is Abel "Prendez." Plaintiff discovered this error on July 5, 2011, when defendants' counsel responded to a set of special interrogatories. On August 11, 2011, plaintiff dismissed Abel "Perez" without prejudice, and "contemplat[ed]" adding Abel Prendez as a Doe substitution. Mot. at 6. Prior to adding Abel Prendez, however, defendants timely removed to this Court on the basis of diversity jurisdiction on August 24, 2011. Plaintiff now seeks leave to amend his complaint to substitute Abel Prendez as a named defendant and remand this action to the Los Angeles Superior Court for want of subject-matter jurisdiction. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

### A.   Leave to Amend

Fed. R. Civ. P. 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6980 CAS (AGRx) | Date | October 25, 2011 |
|---|---|---|---|
| Title | EDMOND HAKAKHA v. CVS PHARMACY, INC. ET AL. | | |

Where leave to amend is required, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir.2003)). "Some courts have stressed prejudice to the opposing party as the key factor." Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991). However, "[u]ndue delay is a valid reason for denying leave to amend." Id. (internal quotation marks and citation omitted); but see Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend."). Further, "the liberality of Rule 15(a) does not mean that amendment will be allowed regardless of the diligence of the moving party. Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." Jordan, 669 F.3d at 1324. "Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Kaplan, 49 F.3d at 1370 (internal quotation marks and citation omitted). Delay can contribute to a finding of prejudice, for "expense, delay, and wear and tear on individuals and companies count toward prejudice." Id. (internal quotation marks and citation omitted).

  **B. Motion for Remand**

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:609 (The Rutter Group 2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6980 CAS (AGRx) | Date | October 25, 2011 |
|---|---|---|---|
| Title | EDMOND HAKAKHA v. CVS PHARMACY, INC. ET AL. | | |

Under 28 U.S.C. § 1446(b), the defendant must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal. When there are multiple defendants, all defendants named in the complaint and who have been properly joined and served in the action must also join in the removal. Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986). This is known as the rule of unanimity. See Chicago, Rock Island & Pac. Ry. v. Martin, 178 U.S. 245 (1900); see also Schwarzer, supra, § 2:905.2.

If the defendant's removal notice fails to meet the procedural requirements of § 1446(b), the court may remand the action based on the plaintiff's timely motion. McAnally Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000). Pursuant to 28 U.S.C. § 1447(c), a motion to remand based on any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.

### III. DISCUSSION

Plaintiff contends that leave to amend should be granted because he has acted in a timely manner pursuant to Fed. R. Civ. P. 15(a). Mot. at 8–9. Moreover, plaintiff argues that claims against Abel Prendez relate back to the complaint within the meaning of Fed. R. Civ. P. 15(c). Id. at 10–11. Finally, plaintiff asserts that if leave to amend is granted and Abel Prendez is included as a defendant, this Court would no longer hold subject matter jurisdiction over the matter because both plaintiff and Abel Prendez are citizens of California. Id. at 11–12.

Defendants contend that Rule 15 is inapplicable because plaintiff "seeks leave to amend in order to join a party-defendant whose correct identity has been known to him since at least July 5, 2011." Opp'n at 5. Defendants assert that the correct analysis is under 28 U.S.C. § 1447(e), which permits joinder of parties following removal that would destroy subject matter jurisdiction. Defendants argue that the § 1447(e) factors weigh against granting plaintiff's motion. Opp'n at 5–6 (citing Boon v. Allstate Ins. Co., 229 F. Supp. 2d 1016 (C.D. Cal. 2002)). Finally, defendants contend that plaintiff may not name Abel Prendez as a defendant in a civil suit because plaintiff failed to name him in the caption or body of his DFEH complaint. Opp'n at 6–7.

**A.  Fed. R. Civ. P. 15**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6980 CAS (AGRx) | Date | October 25, 2011 |
|---|---|---|---|
| Title | EDMOND HAKAKHA v. CVS PHARMACY, INC. ET AL. | | |

Rule 15(c) provides:

> (1) *When an Amendment Relates Back*. An amendment to a pleading relates back to the date of the original pleading when:
>
>> (A) the law that provides the applicable statute of limitations allows relation back;
>>
>> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>>
>> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>>
>>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>>
>>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

28 U.S.C. § 15(c).

The Court finds that it is appropriate to grant plaintiff leave to substitute Abel Prendez for a Doe defendant pursuant to Rule 15(c). It is unquestionable that the claims plaintiff seeks to allege against Abel Prendez "ar[i]se out of the conduct, transaction, or occurrence set out . . . in the original pleading," and that Abel Prendez "knew or should have known that the action would have been brought against [him], but for a mistake concerning the proper party's identity." Id. § 15(B), (C)(ii). Specifically, plaintiff seeks to hold Abel Prendez liable for the same FEHA and common law violations alleged in the original complaint. See Palestini v. Gen. Dynamics Corp., 193 F.R.D. 654, 656 (S.D. Cal. 2000) (tolling statute of limitations when claims against a "new" defendant "relate back" to a pleading filed within the statutory period); Austin v. Sup. Ct., 56 Cal. 2d 596, 600

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6980 CAS (AGRx) | Date | October 25, 2011 |
|---|---|---|---|
| Title | EDMOND HAKAKHA v. CVS PHARMACY, INC. ET AL. | | |

(1961) (same). Moreover, defendants do not argue that Abel Prendez will be surprised or otherwise prejudiced by his inclusion in this lawsuit; it is obvious due to the similarity of names ("Abel Perez" versus "Abel Prendez"), the repeated allegations against plaintiff's "manager" asserted in the complaint, and the acknowledgment by defendants that Abel Prendez had been plaintiff's manager during the requisite time period that plaintiff's allegations against "Abel Perez" were mistaken, and that he intended from the outset to file suit against "Abel Prendez." Thus, it is appropriate to permit plaintiff to substitute Abel Prendez for one of the Doe defendants. Woo v. Sup. Ct., 75 Cal. App. 4th 169, 176 (Cal. Ct. App. 1999) (holding that amending a pleading to include an actual defendant for a fictitious defendant is permissible).

Defendants' contentions regarding plaintiff's failure to exhaust his DFEH administrative remedies against Abel "Prendez" are unavailing. Although the California Court of Appeal has held that in order to bring a FEHA suit, aggrieved persons must "set forth in their DFEH complaint the names of *persons* alleged to have committed the unlawful discrimination," that statement was in the context of a plaintiff who sought to include third parties who were never put on notice or "mentioned in the administrative charge at all." Cole v. Antelope Valley Union High School Dist., 47 Cal. App. 4th 1505, 1511, 1515 (Cal. Ct. App. 1996) (emphasis in original). Here, by contrast, permitting plaintiff to substitute Abel Prendez for a Doe defendant does not run afoul of the purposes of administrative exhaustion:

> [T]he function of an administrative [DFEH] complaint is to provide the basis for an investigation into an employee's claim of discrimination against an employer and not to limit access to the courts. A strict rule would harm victims of discrimination without providing legitimate protection to individuals who are made aware of the charges through the administrative proceeding. *If they are described in the charge as perpetrators of the harm, they can certainly anticipate they will be named as parties in any ensuing lawsuit.*

Martin v. Fisher, 11 Cal. App. 4th 118, 121 (Cal. Ct. App. 1992) (emphasis added).

While Abel Prendez was never technically named in the body or caption of plaintiff's complaint, the repeated allegations against plaintiff's "manager" and subsequent acknowledgment by defendants that Abel Prendez was, indeed, plaintiff's manager, certainly put Abel Prendez on notice that he is a proper party in plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6980 CAS (AGRx) | Date | October 25, 2011 |
|---|---|---|---|
| Title | EDMOND HAKAKHA v. CVS PHARMACY, INC. ET AL. | | |

FEHA lawsuit. Moreover, two of plaintiff's claims—for intentional and negligent infliction of emotional distress—are independent torts and are not subject to the FEHA administrative exhaustion requirement.[2]

For the reasons set forth above, the Court GRANTS plaintiff's motion for leave to file an amended complaint and substitute Abel Prendez as a Doe defendant pursuant to Fed. R. Civ. P. 15.

### B. 28 U.S.C. § 1447(e)

As an alternative to substituting Abel Prendez for a Doe defendant, the Court finds it is appropriate to permit plaintiff to join Abel Prendez pursuant to 28 U.S.C. § 1447(e). Section 1447(e) provides: "If after removal a plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The decision to grant joinder is wholly within a court's discretion. E.g., Buttons v. Nat'l Broad. Co., 858 F. Supp. 1025, 1027 (C.D. Cal. 1994). A court generally considers six factors in determining whether joinder should be granted: (1) whether the party sought to be joined is necessary for just adjudication; (2) whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder; (3) whether there has been unexplained delay in seeking the joinder; (4) whether the joinder is solely for the purpose of defeating federal jurisdiction; (5) whether denial of the joinder would prejudice the plaintiff; and (6) the strength of the claims against the new defendant. See generally Boon v. Allstate Ins. Co., 229 F. Supp. 2d 1016 (C.D. Cal. 2002) (delineating six factors to consider under § 1447(e)).

The Court finds that the factors weigh in favor of granting joinder. Specifically, there is no evidence that plaintiff acted in bad faith or unreasonably delayed in seeking

---

[2]The Court has reservations as to whether Abel Prendez may be individually liable for FEHA discrimination claims. See Reno v. Baird, 18 Cal. 4th 640, 663 (1998) (holding that "individuals who do not themselves qualify as employers may not be sued under the FEHA for alleged discriminatory acts"). Nonetheless, even if Prendez cannot be liable as a supervisor on discrimination claims, the Court grants leave to amend in light of the independent tort claims asserted against Prendez.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6980 CAS (AGRx) | Date | October 25, 2011 |
|---|---|---|---|
| Title | EDMOND HAKAKHA v. CVS PHARMACY, INC. ET AL. | | |

joinder of Abel Prendez. To the contrary, it appears as if plaintiff's goal at the outset was to include Abel Prendez in his action by asserting several allegations against his "manager." Moreover, plaintiff may well be prejudiced if he cannot include Abel Prendez—who allegedly committed most of the wrongful acts at issue—in his complaint. Thus, the third, fourth, and fifth factors all weigh in favor of permitting joinder, and none of the remaining factors weigh against joinder. See Boon, 229 F. Supp. 2d at 1020.

Accordingly, the Court finds that joinder pursuant to 28 U.S.C. § 1447(e) is permissible as an alternative to Rule 15 substitution, discussed supra.

**IV. CONCLUSION**

In accordance with the foregoing, the Court GRANTS plaintiff's motion leave to amend his complaint and include Abel Prendez as a named defendant. Because Abel Prendez's inclusion will destroy any diversity of citizenship that might exist, this Court will not have subject matter jurisdiction over the matter. Accordingly, the Court REMANDS this action back to the Los Angeles Superior Court.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | RS | | |